IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| CONNIE JUNE SHAMBLIN, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | NO.  EP-3-14-CV-00447-RFC |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security | § | |
| Administration, | § | |
|     Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c), and Rule CV-72 and Appendix C to the Local Court Rules for the Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act. Because the Administrative Law Judge ("ALJ") violated the Hearings, Appeals, and Litigation Law Manual ("HALLEX") when weighing the treating physician opinion, and Plaintiff was prejudiced thereby, this case is REVERSED and REMANDED to the Commissioner for further proceedings consistent with this opinion.

## PROCEDURAL HISTORY

Plaintiff filed applications for DIB on November 29, 2011, and for SSI on December 7, 2011, alleging a disability onset date of June 1, 2009. (R:111-120) She alleged disability due to Chronic Obstructive Pulmonary Disease ("COPD"), high blood pressure, back pain, anxiety, poor

vision, bilateral knee pain, and post-traumatic stress disorder. (R:132) Her applications were denied initially and on reconsideration. (R:55-58) Plaintiff filed a request for a hearing, which was conducted on September 17, 2013. (R:38-54, 79-81) The ALJ issued a decision on November 19, 2013, denying benefits. (R:26-33) The Appeals Council ("AC") denied review. (R:10-13)

## ISSUES

Plaintiff presents the following issues for review:

1. Whether the ALJ erred in according little weight to the opinion of the treating physician. (Doc. 18:1)

2. Whether the ALJ erred when he gave more weight to the opinion of the consulting physician than that of Plaintiff's treating physician. (Doc. 18:1)

3. Whether the HALLEX violation in this case requires reversal. (Doc. 18:11-12; Doc. 20:3)

4. Whether substantial evidence supports the ALJ's decision. (Doc. 18:1)

Plaintiff contends that the ALJ failed to apply the proper legal standards in evaluating the opinion of Plaintiff's treating physician. Consequently, Plaintiff seeks a reversal and remand for an award of benefits or for further administrative proceedings. Defendant responds that the ALJ used the proper legal standards, and that substantial evidence supports the ALJ's findings and conclusions.

## DISCUSSION

*I.  Standard of Review*

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d

267, 272 (5th Cir. 2002); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). The court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Id.*; *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

## II.  *Evaluation Process*

The ALJ evaluates disability claims according to a sequential five-step process: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe medically determinable physical or mental impairment; (3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; (4) whether the impairment prevents the claimant from performing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. The claimant bears the burden of proof at the first four steps of the analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

In the present case, the ALJ found that Plaintiff had severe impairments of: degenerative disc disease of the lumbar spine; obesity; COPD; hypertension; myofascial pain syndrome; migraine headaches; and, status-post endometrial surgery. (R:28) The ALJ determined that none of Plaintiff's impairments, either alone or in combination, met or medically equaled the listed impairments. (R:29) After considering the entire record, he determined that she retained the residual functional capacity to perform light work, except that she must avoid concentrated exposure to dusts, fumes, odors, gases, and poor ventilation. (R:29) The ALJ determined that Plaintiff retained the capacity to perform her past relevant work as an office clerk and as a

bookkeeper.  (R:33)  Consequently, he found that she was not disabled through the date of the ALJ's decision.  *Id*.

### III.     *The ALJ Erred in According Little Weight to the Treating Physician's Opinion.*

Plaintiff contends that substantial evidence does not support the ALJ's determination that she retains the capacity to perform a reduced range of light work, because the ALJ failed to properly consider the treating physician's opinion.  She argues that proper consideration would reduce her RFC, and thus affect the determination of her disability.   The Court recognizes that it is Plaintiff's burden to establish disability and to provide or identify medical and other evidence of her impairments.  *See* 42 U.S.C. § 423(d)(5); 20 C.F.R. § 404.1512(c).  A medically determinable impairment must be established by acceptable medical sources.  20 C.F.R. § 404.1513(a).  Plaintiff's own subjective complaints, without objective medical evidence of record, are insufficient to establish disability.  *See* 20 C.F.R. §§ 404.1508, 404.1528, 404.1529.  Nevertheless, the Commissioner must adhere to Fifth Circuit standards when making disability determinations.

Under Fifth Circuit precedent, Social Security administrative hearings must adhere to the agency's policies.  *See Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000).  Such hearings are governed by the policies set forth in HALLEX, an internal manual.  The Fifth Circuit has admonished that even though HALLEX does not carry the authority of law, where the rights of individuals are affected, an agency must follow its own procedures, even where the internal procedures are more rigorous than otherwise would be required, and if prejudice results from a violation, the result cannot stand.  *Newton*, 209 F.3d at 459.

HALLEX § II-4-1-2 provides in part that:

[a]ll things being equal, when a treating source has seen a claimant long enough to have obtained a detailed longitudinal picture of the claimant's impairment(s), [the agency] will always give greater weight to the treating source's opinion than to the opinions of non-treating sources even if the other opinions are also reasonable or even if the treating source's opinion is inconsistent with other substantial evidence of record.

HALLEX, § II-4-1-2 (2008), 1996 WL 1586732 at *11.

The rule also provides that, "even if the treating source's opinion is not such that [the agency] can give it controlling weight, [the agency] will still give the opinion more weight than [the agency] would have given it if it came from a non-treating source." *Id*.

Plaintiff raises various issues in challenging the Commissioner's decision on appeal. Because the Court concludes that a remand is mandated by Plaintiff's HALLEX argument regarding the improper assessment of treating physician's opinion, the other issues need not be addressed.

The ALJ reviewed considerable medical evidence before rejecting Plaintiff's claim. A summary of the pertinent evidence follows. The Court notes that in light of the legal conclusion arrived at in this case, a detailed consideration of the medical evidence is not necessary at this point, although it may well be needed to be undertaken by the ALJ afterwards in order to address any good cause issue. *Newton*, 209 F.3d at 455-456.

In a Medical Source Statement signed by treating physician Dr. Olive on August 23, 2013, he opined that Plaintiff could sit about 2 hours in an 8-hour workday, but that she could stand and walk less than 2 hours in a workday. He further opined that she could rarely lift 10 pounds, and never lift any greater amounts. She could never stoop, crouch, or climb. (R:638-639) These limitations stemmed from Dr. Olive's diagnosis of Plaintiff with degenerative joint disease in both

knees, COPD, diabetes mellitus II, and high blood pressure. (R:636) He classified her symptoms as chronic pain in the knees and back which worsens with movement or weight. (R:636) He noted that her attention span and concentration were constantly limited due to the pain from her impairments as well as a side effect of her prescribed medications. (R:636-637) He further stated that Plaintiff was also affected by depression and anxiety but was capable of handling moderate stress. (R:637)

A review of pertinent medical records shows that Dr. Olive has treated Plaintiff for a period exceeding two years. (R:429; 392-481; 611-640) He has seen her consistently during this time, and has treated the numerous impairments which are relevant to this Court's consideration, *inter alia.* He has prescribed medications, ordered physical therapy, and the record is rife with treatment notes he has supplied. (R:392-481; 611-640) It is incontrovertible that he was able to obtain a detailed longitudinal picture of Plaintiff's impairments during this lengthy period of time.

Nevertheless, the ALJ assigned little weight to Dr. Olive's opinion because his extreme limitations were unfounded and not supported by his treatment records or the objective medical evidence. (R:32) On the other hand, the ALJ assigned great weight to the opinions of the state agency physicians, and based his reduced light work determination on their conclusions. (R:33; 237-244) In addition, the ALJ considered the opinion of Dr. Ramanathan, in his consultative examination, as an additional basis for assigning little weight to Dr. Olive's opinion. (R:31) As a consequence, the ALJ arrived at his RFC determination, and found that Plaintiff was not disabled.

A finding of good cause as a basis for discounting Dr. Olive's opinion may well be supported by substantial evidence, but it can be arrived at only after following HALLEX. Here,

Plaintiff's rights were affected by the Commissioner's denial of her claim. The denial of greater weight to Dr. Olive's opinion directly resulted in the denial of Plaintiff's claim. Because the ALJ's violation of HALLEX prejudiced Plaintiff, a remand for further administrative proceedings is warranted.

## CONCLUSION

Based on the foregoing, the Court hereby ORDERS that the decision of the Commissioner be REVERSED. This matter is REMANDED to the Commissioner for further proceedings consistent with this opinion.

SIGNED this 4th day of January, 2016.

_____
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE